780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
LUTHER WAYNE ADAMS, Defendant-Appellant.
 85-3046
 United States Court of Appeals, Sixth Circuit.
 11/15/85
 
 AFFIRMED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: LIVELY, Chief Judge; JONES and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Adams appeals from his conviction on a jury verdict for conspiracy to distribute narcotics, interstate travel to promote unlawful activity and distribution of narcotics, in violation of 18 U.S.C. Secs. 2, 1952 and 21 U.S.C. Secs. 841(a)(1), 846. Adams argues that the search of his automobile was not lawful under the Fourth Amendment and that there was insufficient evidence of conspiracy.
 
 
 2
 One of Adams' associates in drug distribution, Vince Robfogel, agreed to cooperate with agents of the Drug Enforcement Agency when he was arrested with a quantity of cocaine. As a result of detailed information and tape-recordings obtained through Robfogel, agents knew when and where to expect Adams' next delivery from Florida to Ohio. When Adams arrived from Florida in his rented car and checked into a hotel, he gave the car keys to Robfogel so that Robfogel could take care of the delivery. Robfogel gave the keys to the DEA agents who then proceeded to search the car.
 
 
 3
 They found a package of cocaine in the frunk and then found the rental agreement and a locked briefcase in the passenger compartment. When the briefcase was pried open, there was a notebook inside containing records pertaining to drug distributions. Adams' motion to suppress all the items was denied.
 
 
 4
 In United States v. Ross, 456 U.S. 798 (1982), the court disregarded notions of the differences between compartments and containers within vehicles when there is probable cause to believe that contraband is in the vehicle. If the item could be in a compartment or a container, officers may search there:
 
 
 5
 If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.
 
 
 6
 Id. at 825. In Ross, the police found the suspected heroin and then continued searching the vehicle. They found a separate closed container, opened it, and found $3,200 in cash. The Court held the search valid because the police had probable cause to search for the heroin.
 
 
 7
 Likewise, in United States v. Johns, 105 S. Ct. 881 (1985), the Court approved the warrantless search of an entire truck and a delayed warrantless search of closed packages removed from it where there was probable cause that the truck contained contraband. In Johns the circumstances involved several customs officers who approached a truck that smelled strongly of marijuana. The Court distinguished Chadwick v. United States, 433 U.S. 1 (1977), as follows:
 
 
 8
 Under the circumstances of this case, respondents' reliance on Chadwick is misplaced. In Chadwick, police officers had probable cause to believe that a footlocker contained contraband. As soon as the footlocker was placed in the truck of an automobile, the officers seized the footlocker and later searched it without obtaining a warrant. The Court in Chadwick refused to hold that probable cause generally supports the warrantless search of luggage. Chadwick, however, did not involve the exception to the warrant requirement recognized in Carroll v. United States because the police had no probable cause to believe that the automobile, as contrasted to the footlocker, contained contraband. This point is underscored by our decision in Ross, which held that notwithstanding Chadwick police officers may conduct a warrantless search of containers discovered in the dourse of a lawful vehicle search.
 
 
 9
 Id. at 884-85 (citations omitted).
 
 
 10
 In the case before us, the agents had probable cause to search the entire car for contraband and fruits of the illegal activity. Since the briefcase could conceal the objects of that search, the probable cause extended to the search of the briefcase. Consequently we conclude that this search was lawful under Ross.
 
 
 11
 Adams' other contentions are clearly without merit. Accordingly, we AFFIRM the judgment of the district court.